# UNITED STATES

*v.*

# CASES OF VERMOUTH AND SLOE GIN.

San Juan, Law, No. 1397.

RE DESTRUCTION OF LIQUOR IN CUSTOM HOUSE.

Volstead Act—Destruction of Liquor.

Liquor in government warehouse before passing of Volstead Act becomes subject to this law. In a proper case it will be ordered destroyed, unless the prohibition commissioner within a limited time makes other disposition of it. In this case the quantity involved showed that it was not for personal use.

Opinion filed August 20, 1920.

*District Attorney* for the Government.

*Mr. Arturo Orliz Toro* for defendant.

Note.—On constitutionality of statute providing for confiscation or destruction, without notice, of intoxicating liquors, and vehicles or other property used in connection with same, see note in 8 A.L.R. 888.

United States v. Cases of Vermouth and Sloe Gin.

HAMILTON, Judge, delivered the following opinion:

The facts seem to show that the complainant, Gerardino, imported the liquors in question before October, 1919, and that they were of course manufactured earlier. He paid approximately $1,200 for the goods, and avers that he did not claim or remove them because ignorant of the effect of the Volstead Act. He now appears and opposes the application of the government for the destruction of the goods.

.Whether the liquor came within the condemnation of the wartime Prohibition Act need not be discussed. It was imported and stored before the Volstead Act and was in the Customhouse at the time the 18th Amendment went into effect. The quantity involved, being 2 cases of Irish Sloe Gin and 19 barrels of Italian Vermouth, shows beyond a reasonable doubt that the goods were not intended for personal use. Under § 25 of the Volstead Act it is unlawful to have or possess liquor intended for use in violating the law, and no property rights exist in such liquor. If it is so found the liquor shall be destroyed unless the court shall otherwise order. The search warrant spoken of in § 25 was not needed, as the liquor is in bond, but the scope of the act shows that beverage liquor should be destroyed. It is not in a private dwelling of any kind, whether house, apartment, hotel, or boarding house.

It is difficult to see what use could be made of the goods. The liquor cannot be sold, and it is not of the character that can be employed for personal use. No report was made of the liquor on or after the 17th of January under the regulations adopted in connection with the Volstead Act, but it is doubtful whether this is necessary. No. 9 of the instructions to owners

United States v. Cases of Vermouth and Sloe Gin.

of liquor on the back of the form for such report provides that "liquors in customs bonded warehouses are not required to be reported." Whether it could be exported to Santo Domingo or other country where liquor can be handled as lawful property is not before the court. No such application is made, and, if made, would have to be directed to the prohibition commissioner and not to the court. It is not necessary therefore to pass upon this possibility. So far as the court is concerned there seems to be no lawful use for this liquor under the Volstead Act which has been declared by the Supreme Court in the Jacob Ruppert Case [251 U. S. 264, 64 L. ed. 260, 40 Sup. Ct. Rep. 141], to be valid in all its parts. It may be that the defendant has not violated any law as to liquor because it has not been in his personal possession, under § 25 of the Volstead Act. The regulations at least contemplate that it may be placed in a government warehouse. The regulations, § 5, provide that warehouse certificates in government bonded warehouses may be sold and purchased without permits, but ownership of such certificates does not convey the right to remove such distilled spirits from bond except for nonbeverage purposes. In any case where the director is in doubt concerning the propriety of issuing a permit to transport, he is to forward the application to the commissioner with a statement of the facts, and the commissioner is to return the application with instructions as to the proper action to be taken (Regulations, § 8). It would seem right to allow time for the director or for the claimant to apply to the commissioner in this case, which is perhaps a casus omissus in the law. It certainly is not the duty of the government to hold the liquor indefinitely and as the matter stands at present the only action which the court can take is to make an order for destruction.

An order will be entered therefore directing the destruction of the Vermouth and Sloe Gin mentioned in the application unless within sixty days some other action is authorized by the prohibition commissioner or director.

It is so ordered.